**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| ALLEN SMITH, | ) | |
| | ) | No. 4:12-cv-03588-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Plaintiff Allen Smith ("Smith") filed an application for DIB and SSI on December 21, 2009, alleging disability beginning on May 30, 2009. The Social Security Agency denied Smith's claim initially and on reconsideration. Smith requested a hearing before an administrative law judge ("ALJ"), and ALJ Augustus C. Martin held a hearing on May

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

1

25, 2011. The ALJ issued a decision on June 16, 2011, finding Smith not disabled under the Social Security Act. Smith requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On December 20, 2012, Smith filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on February 4, 2014, recommending that this court affirm the ALJ's decision. Smith filed objections to the R&R on February 11, 2014. The Commissioner filed a brief reply on February 28, 2014. The matter has been fully briefed and is ripe for the court's review.

### B. Medical History

Because Smith's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Smith was born on July 1, 1962 and was forty-seven years old on the alleged onset date. He has at least a high school education and past relevant work experience as a truck driver, hardware sales person, cashier, and sawmill foreman.

### D. ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Smith was disabled from May 30, 2009 through June 16, 2011. The ALJ first determined that Smith did not engage in substantial gainful activity during the period at issue. Tr. 24. At the second step, the ALJ found that Smith suffered from the following severe impairments: degenerative disc disease; obesity; and bipolar disorder. Id. At step three, the ALJ determined that Smith's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's

Listing of Impairments. Tr. 25; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined that Smith had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. § 404.1567(b), with several limitations. Tr. 26. Specifically, the ALJ found that Smith could stand for no longer than one hour at a time; occasionally perform postural movements; and perform single, repetitive tasks that do not require close proximity or coordination with co-workers or continuous interaction with the general public. Id. The ALJ found, at step four, that Smith was unable to perform any of his past relevant work. Tr. 33. Finally, at the fifth step, the ALJ found that considering Smith's age, education, work experience, and RFC, Smith could perform jobs existing in significant numbers in the national economy and therefore concluded that he was not disabled during the period at issue. Tr. 33-34.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907

F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.  (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.   DISCUSSION

Smith objects to the R&R on two grounds:  (1) the ALJ erred by not giving controlling weight to a statement by Smith's treating physician; and (2) the ALJ erred by not considering testimony of the vocational expert ("VE") which was favorable to Smith.  The court will consider each objection in turn.

**A.     Mental Health Statement & Treating Physician Rule**

Smith's first objection to the R&R is that the magistrate judge improperly found no error in the ALJ assigning little weight to the statement of Dr. Michael Huber and nurse practitioner Melanie Smith.[2]  Pl.'s Objections 1.  He contends that not giving the statement great weight violates the treating physician rule.  Id. at 3.

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th

---

[2] There is no indication in the record that Melanie Smith is related to the plaintiff.

4

Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178.

In order to qualify for the treating physician rule, a physician's report must be a "medical opinion." See 20 C.F.R. § 404.1527(c) (discussing treating physician rule in subsection titled "How we consider medical opinions"). "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

Dr. Huber and nurse practitioner Smith both signed an undated document titled "Statement for Social Security Disability Claim."[3] Tr. 684. The statement notes that Smith "is diagnosed with General Anxiety Disorder and bipolar Type II Affective Disorder with a depressed mood and hypomania. His current Global Assessment of Functioning is rated at 51." Id. The remainder of the statement discusses Smith's treatment history and his self-reported symptoms. Id. When considering this statement, the ALJ gave great weight to the global assessment of functioning assigned by Dr. Huber

---

[3] The court acknowledges that only Dr. Huber, and not nurse practitioner Smith, can be considered an "acceptable medical source" qualified to offer a medical opinion. See 20 C.F.R. § 404.1513(a) (acceptable medical sources include licensed physicians, psychologists, or other medical providers not including nurse practitioners); SSR 06-03p ("[O]nly 'acceptable medical sources' can give us medical opinions."). While the Commissioner argues that Dr. Huber is not a treating physician, Def.'s Br. 19, the court will assume for the purposes of this order, without deciding, that Dr. Huber was a treating source qualified to give a medical opinion.

and nurse practitioner Smith. Tr. 29. However, the ALJ did not mention the rest of the statement, which Smith alleges was in error.

The court agrees with the magistrate judge that the remainder of the statement contains only a summary of Smith's treatment history and self-reported symptoms – it contains no "judgments" by Dr. Huber (or nurse practitioner Smith) concerning Smith's impairments or his limitations as a result of those impairments. As such, the remainder of the statement is not a "medical opinion" under 20 C.F.R. § 404.1527(a)(2), and the ALJ was not required to give the statement controlling weight. See Love-Moore v. Colvin, 2013 WL 5366967, at *11 (E.D.N.C. Aug. 30, 2013) report and recommendation adopted, 2013 WL 5350870 (E.D.N.C. Sept. 24, 2013) ("[A] doctor's recording of a patient-claimant's subjective complaint[s] is not a 'medical opinion' entitled to any special deference." (quotation marks and citation omitted)).

The court finds no error in the ALJ's analysis of Dr. Huber and nurse practitioner Smith's statement. Therefore, Smith's first objection fails.

### B.     VE Testimony

Smith's second objection to the R&R is that the magistrate judge improperly found no error in the ALJ failing to consider VE testimony favorable to Smith. Pl.'s Objections 3-4. In particular, he notes the VE's responses to hypothetical questions about an individual who had outbursts with coworkers or missed multiple days of work each month. Id.

"The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989); see §§ 404.1560(b)-(c)

and 404.1566(e).  The ALJ may pose hypotheticals to the VE that "fairly set out all of [the] claimant's impairments."  Walker, 889 F.2d at 50; see also Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005) (holding that hypotheticals must "adequately" describe the claimant's impairments).  However, the hypotheticals posed by the ALJ need only reflect those impairments supported by the record.  Russell v. Barnhart, 58 F. App'x 25, 30 (4th Cir. 2003) (unpublished) (citing Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)).  Furthermore, an ALJ is not required to accept the answers a VE gives to a hypothetical that contains limitations not ultimately adopted by the ALJ.  See Hammond v. Apfel, 5 F. App'x 101, 105 (4th Cir. 2001) (unpublished).

At the hearing, the ALJ first asked the VE if there were jobs in the regional and national economy that an individual with Smith's RFC could perform.  Tr. 69.  The VE testified that there were several jobs that could be performed with the limitations indicated, including parts packer, grader and sorter, and product tester and weigher.  Id.  The ALJ then asked the VE whether an individual who, in additional to the limitations already specified, "may have confrontations or – and/or outbursts with coworkers on an unpredictable schedule, but once or twice a month" would be able to perform such jobs.  Tr. 70.  The VE testified that such "blowup[s]" would "create an awful lot of problems in the workplace . . . .  [I]t would not functionally keep the person from doing the job, but I can't imagine anybody being able to keep employment under those conditions."  Tr. 71.  Smith's counsel also questioned the VE, regarding "someone who would miss work a couple times a month in addition to [having] outbursts."  Tr. 73.  The VE testified that "[r]egardless of the outbursts, if you're missing a couple days a month you're gone, if that happens on a regular basis."  Id.

The ALJ's ultimate RFC assessment was based on his first hypothetical to the VE. Tr. 26, 69. His RFC determination specifically included a limitation that Smith could only perform jobs which "do not require close proximity or coordination with co-workers." Tr. 26. The ALJ did not adopt any other limitations based on frequent outbursts at work or missing multiple days of work each month. The ALJ was not required to accept the VE's answers concerning limitations not ultimately adopted by the ALJ. Hammond, 5 F. App'x at 105. To the extent that Smith thinks that the limitations incorporated in the second hypothetical should be adopted, his argument is properly framed as an objection to the ALJ's RFC determination. Smith has not made such an objection here.

The court finds that the ALJ's first hypothetical to the VE and ultimate RFC determination are supported by substantial evidence, and therefore Smith's second objection fails.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

                                                                           _____
                                                                           **DAVID C. NORTON**
                                                                           **UNITED STATES DISTRICT JUDGE**

**March 20, 2014**
**Charleston, South Carolina**

8